**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDERICA STEVENS,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　　Agency.

DOCKET NUMBER
DC-0752-21-0412-I-1

DATE: August 5, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

M. Jefferson Euchler, Esquire, Virginia Beach, Virginia, for the appellant.

Karissa Getz, Esquire, and William Fuller Stoddard, Esquire, Portsmouth,
　　Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action based on the charge of unacceptable conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not provide a basis to disturb the administrative judge's conclusion that the agency proved its charge.

¶2        The appellant argues that the agency failed to prove its charge of unacceptable conduct, i.e., that the appellant, during a discussion with agency management personnel, aggressively walked towards an agency management official, snatched a leave chit out of the official's hands, and began to push the official's right hand down "in an aggressive manner." Petition for Review (PFR) File, Tab 1 at 8; Initial Appeal File (IAF), Tab 4 at 50-51. The appellant contends that the administrative judge erred "in finding the [a]gency witnesses credible and contrary to the testimony of [the a]ppellant's witnesses." PFR File, Tab 1 at 8. We find this assertion unavailing. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the appellant has not provided any basis to disturb the administrative judge's credibility determinations; indeed, she has not discernably

identified any purported error with the same. *See Clay v. Department of the Army*, [123 M.S.P.R. 245](#), ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same).

¶3      The appellant also contends that she "was not charged with any charge carrying any overtone of threat or with any sort of actual assault." PFR File, Tab 1 at 8. She states that "the [a]gency's position . . . makes no sense" because "supervisors attempted to characterize [her] actions as an assault" but then waited to discipline her. *Id.* We find these assertions both unclear and unavailing. As stated, the agency charged the appellant with unacceptable conduct, not with an assault or making a threat. IAF, Tab 4 at 50-51. To the extent the appellant argues that the administrative judge erred in her analysis of this charge, we disagree and find that she applied the proper legal standard. IAF, Tab 18, Initial Decision (ID) at 2-11. To the extent the appellant instead argues that the agency's failure to promptly initiate a disciplinary action undercuts the credibility of some or all of the agency witnesses, we find her vague argument unpersuasive. *See Haebe*, 288 F.3d at 1301.

<u>The appellant does not provide a basis to disturb the administrative judge's conclusion that she failed to prove any of her affirmative defenses.</u>

¶4      The appellant seemingly contends that the agency committed harmful procedural error by failing to initiate a disciplinary action against her within 60 days, as required by the parties' collective bargaining agreement (CBA). PFR File, Tab 1 at 6; IAF, Tab 4 at 16. We find this contention unavailing. As set forth in the initial decision, the appellant failed to timely raise this claim. ID at 16; IAF, Tab 6 at 1; *see* [5 C.F.R. § 1201.24](#)(b) ("An appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise

a new claim or defense after that time, except for good cause shown."). Moreover, even assuming that the appellant had timely raised this claim, as explained by the administrative judge, the relevant CBA provision explicitly provides that the agency's failure to comply with the 60-day requirement "does not preclude management from taking disciplinary action against the employee." IAF, Tab 4 at 16. Accordingly, we find that the appellant has failed to identify any error on the part of the agency on review, much less one that likely would have caused the agency to reach a different conclusion. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (explaining that a procedural error is harmful only when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); 5 C.F.R. § 1201.4(r).[2]

¶5        The appellant also seemingly raises the equitable defense of laches in relation to the agency's delay in initiating disciplinary action against her. PFR File, Tab 1 at 6. To this end, she states as follows: "the [a]gency waited more than a year past the conclusion of the investigation and until the retirement of a witness who would have been favorable to the [a]ppellant before taking action. Other than a bare bones effort to blame this on the Covid [sic] pandemic without any explanation there was no justification." *Id.* The equitable defense of laches bars an action when an unreasonable delay in bringing the action has prejudiced the party against whom the action is taken. *Johnson v. U.S. Postal*

---

[2] On review, the appellant alludes to the fact that the CBA also provides that, "[i]f the 60-day time limit is not met, the reasons for the delay beyond 60 days will be documented in the preaction file." PFR File, Tab 1 at 6; IAF, Tab 4 at 16. We were unable to locate any such documented reasons in the file. However, as set forth in the initial decision, a large portion of the agency's delay occurred during the COVID-19 pandemic. ID at 17. Moreover, as explained by the administrative judge, the appellant did not provide any evidence or argument regarding how the agency's failure to document its delay caused the agency to reach a conclusion different from the one it would have otherwise reached. *Id.*; *see Pumphrey*, 122 M.S.P.R. 186, ¶ 10.

*Service*, [121 M.S.P.R. 101](), ¶ 6 (2014). The party asserting laches must prove both unreasonable delay and prejudice. *Id.* Here, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show an unreasonable delay on the part of the agency. ID at 17-20; *see Salter v. Department of the Treasury*, [92 M.S.P.R. 355](), ¶ 10 (2002) (stating that the Board has found that delays of 3 or 3 1/2 years in bringing an action are not unreasonable in and of themselves). Moreover, we discern no basis to disturb her conclusion that the appellant failed to show that she was prejudiced by the delay. ID at 17-20. To the extent the appellant argues that she was prejudiced because she was unable to procure the testimony of an unidentified, now retired agency employee, we find that a different outcome is not warranted.[3] PFR File, Tab 1 at 6. Indeed, although the record indicated that the agency had attempted to locate this witness, the appellant did not indicate what, if any, efforts she made to locate and/or subpoena this witness. IAF, Tab 11 at 4 n.1, 5 n.3; *see Lohr v. Department of the Air Force*, [24 M.S.P.R. 383](), 386 (1984) (reasoning that an appellant was not deprived of the right to question a witness when he could have requested and/or subpoenaed the witness but failed to do so). Thus, we discern no basis to disturb the initial decision.

¶6        The appellant contends that the agency violated her due process rights. PFR File, Tab 1 at 6-8. She asserts that the deciding official considered "past discipline that was not referenced in the proposal notice . . . and did not actually occur as well as receiving briefings from lower officials about the allegations that were not captured or referenced in the evidence file or proposal notice." *Id.* at 6. She also references the deciding official having considered "a list of communications and outside evidence." *Id.* The appellant avers that the deciding

---

[3] The appellant does not identify the former agency employee to whom she refers. PFR File, Tab 1 at 6; *see* [5 C.F.R. § 1201.115](a)(2). We surmise that she is referring to R.T., a witness sought by both parties who retired after the appellant's removal. IAF, Tab 8 at 6, Tab 9 at 9, Tab 11 at 4 n.1; ID at 18-19.

official's reliance on this noncumulative information violated her due process rights and made it impossible for her to respond to the agency's proposed action. *Id.* at 7-8. We find these assertions unpersuasive. In *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999), the U.S. Court of Appeals for the Federal Circuit held that, if the deciding official receives ex parte new and material evidence, this constitutes a violation of the employee's due process rights.[4] Here, however, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show that any such violation occurred. ID at 11-14. To this end, the appellant's petition does not specifically identify the new and material evidence on which the deciding official purportedly relied. *See* 5 C.F.R. § 1201.115(a)(2) ("A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error."). To the extent the appellant contends that the deciding official's discussions with agency management officials regarding her proposed removal constituted new and material information, we find that a different outcome is not warranted. ID at 11-14; *see Blank v. Department of the Army*, 247 F.3d 1225, 1229-30 (Fed. Cir. 2001) (explaining that information regarding pending charges obtained by investigatory communications that do no more than confirm or clarify the record do not undermine an appellant's due process right). To the extent she argues that the deciding official improperly considered past verbal confrontations that she had with agency employees, which were not referenced in the agency's notice of proposed removal, we discern no basis to

---

[4] The Federal Circuit's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of her property interest without providing her with due process of law, including the right to advance notice of the charges against her, an explanation of the agency's evidence, and an opportunity to respond.

disturb the administrative judge's credibility-based determination that the only prior incident that impacted the deciding official's decision was the appellant's prior 14-day suspension. ID at 14; IAF, Tab 4 at 50-54, 97-98, 100-01, 103-06; *see Haebe*, 288 F.3d at 1301. Accordingly, we find the appellant's arguments unpersuasive.

<u>To the extent the appellant challenges the reasonableness of the penalty, we find her challenge unpersuasive.</u>

¶7     As stated, the appellant avers that she was not charged with "any overtone of threat or with any sort of actual assault." PFR File, Tab 1 at 8. To the extent the appellant, through this statement, argues that the administrative judge erred in finding the penalty of removal reasonable under the circumstances, we find her argument unavailing.

¶8     When, as here, the agency's charge is sustained, the Board will review an agency imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Ellis*, 114 M.S.P.R. 407, ¶ 11; *Douglas*, 5 M.S.P.R. at 306. The Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Ellis*, 114 M.S.P.R. 407, ¶ 11.

¶9     Here, the administrative judge applied the proper legal standard and concluded that the agency's selected penalty of removal was not unwarranted under the circumstances and was within the tolerable bounds of reasonableness. ID at 20-22; *see Ellis*, 114 M.S.P.R. 407, ¶ 11. In so doing, she recounted that

the deciding official had explained that "the misconduct at issue in this appeal, while not a physical altercation like [the appellant's prior disciplinary action that resulted in a 14-day suspension,] . . . involved the appellant physically touching another employee during a confrontation."  ID at 21.  The administrative judge subsequently reasoned that, "[e]ven though the contact in this case was minimal, it show[ed] a pattern of physical aggression towards coworkers and supervisors."  *Id.*  We discern no error with either the above characterizations of the appellant's conduct or with the administrative judge's penalty analysis, and therefore, we find that the appellant's assertions do not warrant a different outcome.

¶10      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for

                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.